895 F.2d 1421
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernest STILTNER, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 89-3324.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1990.
 
 Before RICH and MAYER, Circuit Judges, and PETER BEER, Judge.*
 PER CURIAM.
 
 DECISION
 
 1
 Ernest Stiltner appeals the decision of the Merit Systems Protection Board (MSPB), docket number DE831E8910111, denying his Petition for Review of the Administrative Judge's (AJ's) initial decision. The AJ affirmed a denial by the Office of Personnel Management (OPM) of petitioner's application for disability retirement benefits under the Civil Service Retirement Act upon the ground that Stiltner's application was not timely. We affirm.
 
 OPINION
 
 2
 Although Stiltner makes many arguments on appeal, only two have sufficient relevancy to the issue to merit discussion. First, we reject Stiltner's assertion that he entered into an "agreement with the director of the Personnel Office where [he] worked" to extend the date by which he was required to file for disability benefits. This argument was not even presented to the AJ (it was first raised in Stiltner's Petition for Reconsideration to the MSPB). Accordingly, we need not consider it. Furthermore, the respondent correctly points out that other statements by Stiltner belie the claim that anyone agreed to permit him to postpone his application for benefits. For example, Stiltner also stated in his Petition for Reconsideration that he initially believed he was not eligible for benefits and that, "[u]ntil recently I did not fully understand that there is a one year limit to apply for a disability retirement."
 
 
 3
 Second, it is irrelevant whether Stiltner's allergy to cigarette smoke qualifies him as a "handicapped person" under section 504 of the Rehabilitation Act and the Guidelines he cites. Regardless, he was still required to file his application for benefits within one year, or prove that he was within the "mentally incompetent" statutory exception. He did neither.
 
 
 
 *
 The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation